UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN PAYTON,

                Plaintiff,

         -against-

WELLS FARGO BANK,

                Defendant.

25-CV-6019 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action involving the court's federal question jurisdiction, alleging that an employee at Defendant Wells Fargo Bank discriminated against him. By order dated November 5, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff invokes the court's federal question jurisdiction, alleging that Jimmy Wu, an employee of Defendant Wells Fargo Bank, discriminated against him when Wu made allegedly false claims to the bank's fraud department.  The following allegations are drawn from the complaint.[1]  On April 11, 2024, while Plaintiff was opening a new checking account at Wells Fargo Bank located at 781 Broadway in New York, New York, Wu stated that Plaintiff "refused"

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

to provide identification and documentation to open the account.  (ECF No. 1, at 5.)  Wu's

accusation "alerted the fraud department to place the account on hold," preventing Plaintiff from

making any transactions.  (*Id.*)  The bank told Plaintiff that the only way to "verify" his account

was via text message to his phone.  (*Id.*)  Plaintiff alleges that his phone "was verified in person

at the branch with the banker, but the 'back office' team and manager stated it wasn't, even

though [Plaintiff] received a code."  (*Id.*)  Plaintiff provided Wu with his identification and

verification documents while he was at the branch office, and Wu was able to update Plaintiff's

profile since Plaintiff's account was "locked pending verification."  (*Id.*)

Plaintiff alleges that his account was locked for "two-three weeks" during which time he

had to "go inside the branch multiple times."  (*Id.*)  Defendant further did not honor "the $300

new checking promo once [Plaintiff] decided to open the account at a new branch after

experiencing the discrimination."  (*Id.*)

Plaintiff seeks $100,000 in damages and unspecified injunctive relief.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has

jurisdiction only when a "federal question" is presented or when plaintiff and defendant are

citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court

*sua sponte*, at any stage of the proceedings, may raise the question of whether the court has

subject matter jurisdiction.'"  *United Food & Com. Workers Union, Loc. 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the court's federal question jurisdiction and states that his federal claims arise under 12 U.S.C. §§ 5581 and 5481(14), and 15 U.S.C. §§ 41-48. (*See* ECF No. 1, at 2.)  These statutes, however, are not a viable basis for any federal claim Plaintiff may be attempting to assert.  Section 5581 relates to the transfer of consumer financial protection functions from the Board of Governors of the Federal Reserve to the Consumer Financial Protection Bureau.  Section 5481(14) provides a definition of "Federal consumer financial law" for purposes of federal statutes establishing and governing the Consumer Financial Protection Bureau.  Sections 41-58 of Title 15 are sections of the federal law known as the Federal Trade Commission Act, which governs the Federal Trade Commission.  None of these statutes provides

a private right of action under which Plaintiff could assert a viable claim based on the facts alleged in the complaint.

Plaintiff alleges that Defendant "discriminated" against him.  (ECF No. 1, at 5.)  He has not, however, alleged facts suggesting a viable claim under any federal antidiscrimination law. The Equal Credit Opportunity Act provides that it is "unlawful for any creditor to discriminate against any application, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age [or] because all or part of the applicant's income derives from any public assistance program."  15 U.S.C. § 1691(a).  Other federal statutes, such as 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, also protect against discrimination based on certain protected characteristics, such as race, color, religion, or national origin.  While Plaintiff asserts that he was discriminated against, he does allege the basis of this discrimination. Specifically, he does not allege facts suggesting that he was discriminated against on the basis of a protected characteristic, such as race, religion, national origin, or sex.  Because Plaintiff does not allege facts suggesting that any of these federal antidiscrimination statutes apply to his claims,[2] and because his allegations do not suggest any other viable federal cause of action, the Court lacks federal question jurisdiction of this action.

### 2.    Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider this action.  To establish diversity jurisdiction under 28

---

[2] With respect to Title II, Plaintiff also does not allege facts suggesting that Defendant, a bank, is a "public accommodation" as defined by the statute. *See* 42 U.S.C. § 2000a(b).

U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

For diversity purposes, a corporation is deemed to be a citizen of both the state in which it has its principal place of business and of any state in which it is incorporated. *See* 28 U.S.C. § 1332(c)(1); *Egan v. American Airlines, Inc.,* 324 F.2d 565, 566 (2d Cir.1963). A national banks, such as Wells Fargo, is a citizen of the state in which it is located, *see* 28 U.S.C. § 1348, and the location of a national bank's citizenship, for diversity purposes, is determined by the location of its main office. *See Wachovia Bank v. Schmidt,* 546 U.S. 303, 306-07 (2006); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.,* 470 F. Supp. 2d 312, 313 (S.D.N.Y.2006).

In addition, to establish diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff states that he resides in the State of New York. He provides addresses for Defendant in the States of New York and California, but he does not state which of those locations, if any, are its main office. Plaintiff, therefore, has not demonstrated that the parties in this action are diverse. Furthermore, although Plaintiff seeks $100,000 in damages, he does not allege facts explaining how he arrived at that sum or demonstrating that he would be able to recover that amount. The Court therefore lacks diversity of citizenship jurisdiction of this action.

**B.     Leave To Amend Is Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

6

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear whether Plaintiff can allege additional facts to state a valid claim of which this Court has subject matter jurisdiction, in abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 25, 2025
         New York, New York

_____
LOUIS L. STANTON
U.S.D.J.